[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced on December 6, 1989, returnable to CT Page 8696 this court on December 19, 1989., seeking a balance of $6,959.03 on a contract for repairs to a pool owned by the defendant. On May 15, 1990, this court reopened the default for failure to plead entered on March 19, 1990. An affidavit dated May 15, 1990 reveals that the defendant asserted that he was prepared to file responsive pleadings. Again on July 26, 1990, a motion for default for failure to plead was filed which was responded to by the defendant's answer filed August 17, 1990.
The defendant denied every allegation of his complaint and filed his special defense that the defendant had paid reasonable value to the plaintiff.
On August 17, 1990, the defendant filed a counterclaim alleging inter alia that the plaintiff made false and misleading representations that (a) the prices charged were unreasonable and (b) that the misrepresentations have caused financial harm for costs of defense. In the second count of the counterclaim, the defendant seeks damages pursuant to 42-110 et seq. of the Connecticut General Statutes and attorney's fees pursuant to 42-110 (g)(a). The third count claims damages for prior repairs to the pool by the defendant, as well as damages for negligent repairs which will need additional sums of money to correct. The defendant further claims loss of enjoyment of the pool because of the plaintiff's negligent construction. The defendant seeks money damages on his counts 1 and 3 of the counterclaim, and punitive damages on count 2. On October 25, 1990, the plaintiff denied the misrepresentations in count 1. In count 2, the plaintiff denied the Unfair Trade Practices. In count 3, the plaintiff denied any negligence on its part and denied any resulting damages.
On December 27, 1991, more than one year after the case was claimed for trial and at the start of the case, the defendant sought to file an amended counterclaim which was opposed by the plaintiff, setting up new allegations, particularly a violation with the Home Improvement Act 20-429 et seq. The court denied the proposed amended pleadings as being untimely.
The defendant argued on page 8 of his trial memorandum that the court take judicial notice of 20-429 et seq. and 42-110 et seq. The court in its discretion will not take notice of the defenses now made and the new counterclaims. The court will not reopen a case that was summoned for trial after 14 months. No showing was made by the defendant to support the new defense or claims. The plaintiff would be prejudiced by the new claims on the eve of trial.
The court finds that the cause of the damages to the pool are not a result of the negligence of the plaintiff or the failure to do certain things to the pool after its original work in the fall CT Page 8697 of 1988.
Sometime in the spring of 1989, the defendant sought the service of the plaintiff to open the pool. Back in 1989, the plaintiff had done some work on the pool to close it up and for leakages. The plaintiff had to be persuaded by friends of the defendant to return to open the pool after its experience with the defendant in 1988. The defendant kept returning to the plaintiff's premises in 1989 to persuade him to undertake the repair of the pool.
At trial, the credible testimony of the plaintiff and an expert, Mr. Weeks, established that the problem of the pool would best be eliminated by putting in a curtain drain around the pool. A curtain drain would have channelled any excess ground water flow to either side of the pool and not directly into it. The defendant rejected the advice to put in a curtain drain because it would cost an estimated $8,000 to $10,000, and require the tearing up of the surrounding patio.
Notwithstanding the prior problems that each of the parties had with each other on July 11, 1989, Dr. Richi came to the store of the plaintiff, went over each line item and the cost of same with the defendant. The defendant agreed to pay the sum of $11,396.70 (Exhibit B). Certain items were left open and not agreed to by the defendant. The plaintiff seeks an additional sum of $1,568.11 (Exhibit C) which was added to the original agreement.
The court finds that the damages to the pool after a torrential rain storm and after the plaintiff had completed his work was caused by a failure to put in the recommended curtain drain.
The defendant has failed to establish by any credible evidence the allegations of his counterclaim and accordingly, judgment may enter in favor of the plaintiff on the counterclaim.
The defendant agreed and this court agrees that the subsequent invoice of $1,568.11 is inadmissible because it was beyond the pleadings and would have required late amendment, thus delaying the trial.
The court finds that the balance of the contract in the amount of $5,000 is due and owing.
Judgment may enter in favor of the plaintiff for $5,000 plus costs on the complaint, and in favor of the plaintiff on the counterclaim plus costs.
CT Page 8698 FRANK S. MEADOW, J.